# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:11-CV-189-MOC-DCK

| | |
|---|---|
| NOHA RAMMAL, | ) |
|       Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| YOLANDA M. VERA, CHRISTIE CANEDO, and JESUS GUZMAN, JR., | ) |
|       Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Dismiss Plaintiff's Complaint" (Document No. 6). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

*Pro se* Plaintiff Noha Rammal ("Plaintiff") filed a "Complaint" on April 18, 2011, pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination. (Document No. 1). Plaintiff alleges that her employment was wrongfully terminated based on her gender and/or national origin. Id. Specifically, in her sole cause of action, Plaintiff alleges that "Defendents discriminated against me based upon sex due to a sexual stereotype based on a bias against women who are passionate about work, assertive in the workplace and whom others feel to be aggresive and demanding. same for National origin." (Document No. 1, p.5).

On August 5, 2011, Yolanda M. Vera ("Vera"), Christie Canedo ("Canedo"), and Jesus Guzman, Jr. ("Guzman"), (collectively "Defendants"), filed a "...Motion To Dismiss Plaintiff's

Complaint" pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Document No. 6). Defendants contend that Plaintiff cannot state a claim under Title VII or Section 1981, and that Section 1981 does not protect individuals allegedly discriminated against on the basis of national origin or gender, and therefore, this action should be dismissed. Id.

Plaintiff's response (Document No. 11) to the pending motion was filed on August 16, 2011; and "Defendants' Notice of Intent Not To File Reply Brief" (Document No. 12) was filed on August 23, 2011. As such, immediate review of the pending motion and a recommendation for disposition to the presiding district judge is now appropriate.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570; see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only

> "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendants assert two main arguments in support of their motion to dismiss. First, Defendants argue that it is well-settled that liability under Title VII of the Civil Rights Act of 1964, as amended, does not extend to individuals. (Document No. 6-1, p.3) (citing Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-181 (4th Cir. 1998)). Defendants go on to quote Lissau as follows, "every circuit that has confronted this issue since the enactment of the CRA [Civil Rights Restoration Act of 1991] has rejected claims of individual liability." Id. Defendants further argue that this principle is also well-settled in this Court. Id. (citing Wooten v. Lincoln Nursing Center, 5:09-CV-097-DCK, 2010 WL 5258066 (W.D.N.C. December 17, 2010) and Marsh v. CBS Media Corp., 3:09cv289-RJC, 2009 WL 3151946 (W.D.N.C. Sept. 24, 2009)).

In Wooten, the Court granted the individual defendant's motion to dismiss a Title VII claim. In doing so, the undersigned specifically noted "that this Court has recently and consistently followed the holding of Lissau that individual supervisors are excluded from Title VII actions." Wooten, 2010 WL 5258066 at *3. The Marsh decision also granted individual defendants' motions

to dismiss Title VII claims, and included this pertinent discussion:

> The most relevant portion of Title VII provides that "it shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). The statute defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such a person." Id. § 2000e(b).

Marsh, 2009 WL 3151946 at *2. The Court then concluded "[n]one of the defendants, except for CBS Radio, are considered 'employers' within the meaning of Title VII, and therefore cannot be held liable under the Act. Id. (citing Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998)).

Next, in their second argument, Defendants assert that the only other basis for jurisdiction asserted by Plaintiff's Complaint is 42 U.S.C. § 1981, which does not support claims for discrimination based on gender or national origin. (Document No. 6-1, p.4). Defendants contend that § 1981 bars discrimination on the basis of race, ethnicity, or lack of citizenship, but does not provide protection for individuals on the basis of national origin or sex. Id. (citing Duane v. GEICO, 784 F.Supp. 1209, 1216 (D.Md. 1992), aff'd 37 F.3d 1036 (4th Cir. 1994), and Saad v. Baltimore Life Ins. Co., 47 Fed.Appx. 228 (4th Cir. 2002). The Duane decision, upheld by the Fourth Circuit, provides in part that

> It is well established that § 1981 applies to private racial discrimination. . . . Thus, § 1981 protects "identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." . . . However, §

4

> 1981 does not ban every kind of discrimination. For example, **nothing in the language or history of the section addresses discrimination on the basis of either sex** or religion. . . . . Additionally, **§ 1981 does not provide protection for individuals discriminated against on the basis of national origin**, . . . age, . . . handicap, . . . sexual orientation, . . . or political ideology.

Duane, 784 F.Supp. at 1216 (citations omitted) (emphasis added). See also, Estate of Williams-Moore v. Alliance One, 335 F.Supp.2d 636, 647 (M.D.N.C. 2004) ("it is now well settled that section 1981 prohibits intentional race discrimination in the making and enforcing of contracts with both public and private actors" but does not protect against discrimination based on religion or gender).

In short, Defendants concisely and persuasively argue that Plaintiff has failed to state a claim upon which relief may be granted, and that her Complaint should be dismissed with prejudice. (Document No. 6-1).

In response, Plaintiff seems to address Defendants' Title VII argument, but ignores the argument pursuant to § 1981. (Document No. 11). Plaintiff acknowledges that "Title VII applies to employers," but then contends that "Defendents are agents who represent a corporation whom I worked for ( Bank Of America)" and seems to suggest that they are therefore liable as "agents" of Bank of America for the alleged discrimination. (Document No. 11, p.1). The undersigned observes, however, that relevant caselaw cuts against her position. As noted by the Vermont Supreme Court's examination of this issue, "the meaning of the term 'any agent' in Title VII's definition of 'employer' . . . does not provide a right of action against individual employees." Payne v. U.S. Airways, Inc., 186 Vt. 458, 464 (2009) (citing Lissau, 159 F.3d at 181). "Indeed, the federal consensus is that the 'any agent' language expresses congressional intent to hold employers vicariously liable for the acts of their employees, but not to hold employees individually liable for

their own discriminatory acts in the workplace." Id.

As in the Wooten case identified above, Plaintiff here opposes dismissal "but fails to cite authority that adequately supports her position or distinguishes the precedent established by Lissau." Wooten, 2010 WL 5258066 at *3. Plaintiff also fails to articulate any argument that to the extent her claims rely on § 1981, dismissal is inappropriate.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion To Dismiss Plaintiff's Complaint" (Document No. 6) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);   Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for Defendants, and the Honorable Max O. Cogburn, Jr.

**IT IS SO RECOMMENDED**.

Signed: September 1, 2011

_____
David C. Keesler
United States Magistrate Judge