IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv189

| | |
|---|---|
| NOHA RAMMAL, ) | |
| ) | |
| Plaintiff, ) | |
| Vs. ) | ORDER ADOPTING |
| ) | RECOMMENDATION |
| YOLANDA M. VERA, CHRISTIE ) | OF MAGISTRATE JUDGE |
| CANEDO, and JESUS GUZMAN, JR., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation by the Honorable David C. Keesler, United States Magistrate Judge, recommending that the court dismiss the pro se plaintiff's complaint [docket #13]. Plaintiff has filed a document stating that she wishes to object [docket #14], but she has not asserted any grounds for her objection.

### FINDINGS AND CONCLUSIONS

**I.    Applicable Standard**

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal

-1-

issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Id.* Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case.

## II. Discussion

After a careful review of the magistrate judge's recommendation on the motion to dismiss, the court finds that the magistrate judge correctly determined that Plaintiff's complaint should be dismissed. Here, plaintiff sued three individuals based on alleged sex and national origin discrimination under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. As the magistrate judge correctly noted, Title VII liability does not extend to individuals, and Section 1981 does not protect against discrimination based on either gender or national origin. Thus, the court will adopt the M&R of the magistrate judge as its own.

Case 3:11-cv-00189-MOC -DCK   Document 16   Filed 09/23/11   Page 2 of 3

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#13) is **ADOPTED** in full.

Signed: September 22, 2011

Max O. Cogburn Jr.
United States District Judge

-3-